IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ASANTE HEALTH SYSTEM d/b/a ROGUE VALLEY MEDICAL CENTER, | Civil No. 05-3038-CO |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| MICHAEL O. LEAVITT, Secretary, Department of Health and Human Services, | |
| Defendant. | |

COONEY, Magistrate Judge:

Plaintiff has filed a complaint for "Judicial Review of Medicare Administrative Decision," in which it challenges "Defendant's finding that the Plaintiff is not entitled to obtain a new provider exemption for its hospital-based skilled nursing facility under the Medicare Program." (Compl. at 2.) This court may have jurisdiction pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 1395*oo*(f). Before the court is defendant's motion to dismiss (#5), which plaintiff opposes.

## BACKGROUND

At all pertinent times, plaintiff was certified as a "provider of services" participating in the Medicare Program as a hospital-based skilled nursing facility known as "Rogue Valley

Medical Center skilled nursing facility." (Compl. at 2, ¶ 1.)

The Provider Reimbursement Review Board (PRRB) is a component of the Department of Health and Human Services (DHHS) that acts as an administrative hearing body on disputes between providers of services and the Medicare fiscal intermediaries. appointed by defendant, pursuant to 42 U.S.C. § 1395*oo*. (Compl. at 2-3 ¶¶ 3-4.) The Centers for Medicare and Medicaid Services (CMS) is the component of DHHS charged with the administration of the Medicare Program. (Compl. at 2 ¶ 2.)

Plaintiff requested the intermediary and CMS to grant its skilled nursing facility a new provider exemption for fiscal year ending September 30, 1995, through fiscal year ending September 30, 1998. The exemption request was denied. (Compl. at 5 ¶¶ 16-17.)

On March 15, 2005, the PRRB issued a decision affirming the denial of plaintiff's request for a new provider exemption. The PRRB decision was received by plaintiff's counsel on March 18, 2005. (Compl. at 6 ¶ 19 & Compl. Ex. A.)

This action was commenced on May 12, 2005 (#1).

The Administrator issued a decision on review of the PRRB decision on May 16, 2005, and mailed a copy to plaintiff on May 17, 2005. (Def. Attach. 5, AR 0001-0017.)

## **DISCUSSION**

Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant contends that the court lacks subject matter jurisdiction because the decision by the PRRB was not the final decision of defendant. Plaintiff responds that, given the procedural posture of the underlying administrative proceeding at the time this action was commenced, defendant's motion should be denied.

Plaintiff asserts that the appropriate course is to consolidate this case with the related case, Asante Health System v. Leavitt, CV 05-3058-CO. Defendant replies that plaintiff's appeal rights were not at risk by waiting because the Medicare regulations preserves appeal rights. Defendant contends that consolidating this case with the related case could result in unnecessary confusion.

42 U.S.C. § 1395*oo* provides in pertinent part that,

> Providers shall have the right to obtain judicial review of any final decision of the Board,[1] or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received.

42 U.S.C. § 1395*oo*(f)(1). 42 C.F.R. § 405.1877, relating to judicial review, provides in pertinent part:

> (a) General rule. Section 1878(f) of the Act permits a provider to obtain judicial review of a final decision of the Board or of a reversal, affirmation, or modification by the Administrator of a Board decision, by filing a civil action pursuant to the Federal Rules of Civil Procedure within 60 days of the date on which the provider received notice of--
> (1) A final decision by the Board; or
> (2) Any reversal, affirmance, or modification by the Administrator.
> The Board's decision is not final if the Administrator reverses, affirms or modifies the decision within 60 days of the date on which the provider received notice of the decision.
> (b) Administrator declines to review a Board decision. If the Administrator declines to review a Board decision, the provider must file its appeal within 60 days of receipt of the decision of the Board.
> (c) Administrator does not act after reviewing a Board decision. If the Administrator notifies the parties that he or she has decided to review a Board decision and then does not make a decision within the 60 days allotted for his or her review, this subsequent inaction constitutes an affirmance, allowing a provider an additional 60 days in which to file for judicial review, beginning with the date the Administrator's time expires for taking action under §

---

[1] "Board" refers to the Provider Reimbursement Review Board. 42 U.S.C. § 1395*oo*(a).

Findings and Recommendation - Page 3

405.1875(g)(2) [infra].

42 C.F.R. § 405.1875, relating to Administrator's review, provides in pertinent part that, generally, with an exception not applicable here, the Administrator has the discretion to review any final decision of the Board, which may be exercised on his or her own motion, in response to a request from a party to the Board hearing, or in response to a request from CMS. 42 U.S.C. § 405.1875(g), referenced supra, provides in pertinent part:

> (g) Administrator's decision.
> (1) If the Administrator has notified the parties and CMS that he or she has decided to review a Board decision, the Administrator will affirm, reverse, modify or remand the case.
> (2) The Administrator will make this decision within 60 days after the provider received notification of the Board decision and will promptly mail a copy of the decision to each party and to CMS.

The record shows that the Administrator notified the parties that he or she would review the PRRB decision, which plaintiff acknowledges. (Def. Attach. 5, AR 0029-0030; Pl. Opp'n at 5 & Ex. C.) The Administrator's decision was due by May 17, 2005--60 days after plaintiff received notice of the PRRB decision. The Administrator issued a decision on May 16, 2005, affirming the PRRB decision, which was mailed to plaintiff on May 17, 2005. (Def. Attach. 5, AR 0001-0017; Pl. Ex. D.) The regulations provide that, "The Board's decision is not final if the Administrator reverses, affirms or modifies the decision within 60 days of the date on which the provider received notice of the decision." 42 C.F.R. § 405.1877(a)(2), supra, (emphasis added). Accordingly, on this record, the PRRB decision is not a final decision since the Administrator affirmed it within sixty days of the date plaintiff received notice of the PRRB decision. A party may only seek judicial review of a final decision of the Board. 42 U.S.C. § 1395*oo*(f)(1); 42 C.F.R. § 405.1877(a)(1).

Plaintiff's appeal rights were protected because, once plaintiff was notified that the Administrator would review the PRRB decision, plaintiff would have sixty days from notice of any reversal, affirmance, or modification by the Administrator to file for judicial review, 42 U.S.C. § 405.1877(a), or, if the Administrator did not act within the sixty days allotted for his or her review, such inaction would constitute an affirmance, and plaintiff would have an additional sixty days from the date the Administrator's time expired for taking action–here, May 17, 2005--in which to file for judicial review, 42 U.S.C. § 405.1877(c).

Under applicable law, the PRRB decision upon which plaintiff seeks judicial review is not a final decision which can be reviewed by this court.[2] On the record before it, the court finds that defendant's motion to dismiss should be granted.

### RECOMMENDATION

Based on the foregoing, it is recommended that defendant's motion to dismiss (#5) be granted, and that judgment be entered dismissing this case.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** ***The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court.***

---

[2] It is noteworthy that plaintiff filed a second action for judicial review of medicare administrative decision on July 14, 2005, challenging "Defendant's finding that the Plaintiff is not entitled to obtain a new provider exemption for its hospital-based skilled nursing facility under the Medicare Program." Asante Health System v. Leavitt, CV 05-3058-CO (Compl. at 2).

Findings and Recommendation - Page 5

***Thereafter, the parties have ten days within which to file a response to the objections.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this \_\_\_26\_\_\_\_ day of January, 2006.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE